USHANGO OWENS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 9, 2008.
Supreme Court of Delaware.
Submitted: July 11, 2008.
Decided: October 8, 2008.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS. Justice.
This 8th day of October 2008, upon consideration of the briefs of the parties it appears to the Court that:
(1) After a two-day jury trial in August 2007, the appellant, Ushango Owens, was convicted of Possession with Intent to Distribute Heroin, Distribution of Heroin within 300 Feet of a Park, Resisting Arrest, and Possession of Heroin within 1000 Feet of a School. On September 21, 2007, Owens was sentenced to a total of ten years imprisonment suspended after five years for one year at Level III probation. Owens did not file a direct appeal.
(2) On November 14, 2007, Owens filed a timely motion for modification of sentence.[1] Owens asked that the Superior Court (i) order that his sentence include mental health and substance abuse evaluations, (ii) suspend court assessments totaling nearly $167,000.00, and (iii) deem him eligible in the future for employment in a Department of Correction work program. By order dated December 12, 2007, the Superior Court denied Owens' sentence modification motion. This appeal followed.
(3) On appeal, Owens' opening and reply briefs raise a litany of claims relating to his arrest, pretrial proceedings and trial. None of the claims are cognizable in this appeal, which is limited in scope to the Superior Court's denial of his motion for a sentence modification.[2]
(4) Upon review of the denial of a sentence modification, this Court will not interfere with the Superior Court's decision unless it appears that the sentence exceeded the maximum authorized by statute or was imposed on the basis of inaccurate or unreliable information.[3] In this case, Owens does not argue, nor does the record reflect, that the Superior Court imposed a sentence beyond the maximum allowed by law or based on inaccurate or unreliable information.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Del. Super. Ct. Crim. R. 35(b) (providing that the Superior Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed).
[2] Owens had an opportunity to file a direct appeal but did not. Strawley v. State, 2002 WL 86687 (Del. Supr.) (citing Carr v. State, 554 A.2d 778 (Del. 1989)).
[3] Melody v. State, 2003 WL 1747237 (Del. Supr.) (citing Mayes v. State, 604 A.2d 839, 842-43 (Del. 1992)).